UNITED STATES OF AMERICA
IN THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RONALD MASSEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| UNIVERSAL PROTECTION | ) | |
| SERVICE, LLC., | ) | |
| | ) | |
| Defendant. | | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Ronald Massey ("Plaintiff"), by and through the undersigned counsel, and files his Complaint against Universal Protection Services, LLC ("Defendant") for failure to reasonably accommodate his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA"), showing the Court the following:

JURISDICTION

1.

This action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* The jurisdiction of this Court is founded upon 28 U.S.C. § 1331.

VENUE

Plaintiff resides in Fulton County, Georgia.

2.

Defendant's principal place of business is 1551 N. Tustin Avenue, #650, Santa Ana, CA 92705. *See* Plaintiff's Exhibit A.

3.

Defendant conducted business in Atlanta, Fulton County, Georgia in the years 2020 and 2021.

4.

A substantial portion of the events or omissions giving rise to this Complaint occurred in Atlanta, Fulton County, Georgia.

5.

Venue is appropriate in this Court.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.

Plaintiff exhausted all administrative remedies precedent to filing this Complaint.

7.

Plaintiff filed Charge of Discrimination number 410-2021-04852 with the Atlanta Regional Office of the Equal Employment Opportunity Commission ("Commission") on May 13, 2021. *See* Plaintiff's Exhibit B.

8.

The Commission issued a Notice of Right to Sue on September 2, 2021. *See* Plaintiff's Exhibit C.

9.

Plaintiff filed this Complaint within 90 days of the date on which the Notice of Right to Sue issued by the Commission.

FACTUAL ALLEGATIONS

10.

Defendant is in an industry affecting commerce.

11.

Defendant has 15 or more employees working for at least 20 hours per week in each of the 20 weeks in calendar year 2021 and/or 2020.

12.

Defendant hired Plaintiff in or around May 2017.

13.

Defendant hired Plaintiff to the position of security officer.

14.

Upon his hire, Plaintiff informed Defendant that he suffered from end-stage renal disease, a disabling condition limiting one or more of his major life activities.

15.

Defendant assigned Plaintiff to work on-site at the Georgia Aquarium, 225 Baker Street NW, Atlanta, Georgia.

16.

At all times during his employment with the Defendant, Plaintiff was a qualified employee.

17.

At all times during his employment, Plaintiff was able to perform the essential functions of his position.

18.

Plaintiff's disability required Defendant to limit Plaintiff's performance of his duties to no more than eight hours a day. *See* Plaintiff's Exhibit D.

19.

Defendant required that its security officers stand, walk, or sit on various surfaces for long periods for the duration of their working shift. *See* Plaintiff's Exhibit E.

20.

Plaintiff was able to stand, walk, or sit on various surfaces for long periods.

21.

Defendant required that its security officers work in various environments such as cold weather, rain/snow or heat. Id.

22.

Plaintiff was able to work in various environments such as cold weather, rain/snow or heat.

23.

Defendant required that its security officers occasionally lift or carry up to 40 pounds. Id.

24.

Plaintiff was able to occasionally life or carry up to 40 pounds.

25.

Defendant required that its security officers climb stairs, ramps, or ladders occasionally during their shift. Id.

26.

At all times during his employment with the Defendant, Plaintiff suffered from end-stage renal disease.

27.

Plaintiff requires hemodialysis treatment three times each week. Id.

28.

Noncompliance with his required hemodialysis treatment could be fatal for Plaintiff.

29.

Plaintiff's condition and its treatment causes him fatigue and sleepiness. Id.

30.

Leo O. Ovadje, M.D., Plaintiff's physician, wrote that Plaintiff "is unable to work 12-hour shifts" and to "[k]indly allow him to work 8-hour shifts." Id.

31.

Defendant assigned Plaintiff to work shifts that were 12 consecutive hours in duration.

32.

On or about October 7, 2020, Plaintiff received a Disciplinary Notice from Supervisor, Michael Rookard, for allegedly sleeping or dozing while on duty.

33.

Plaintiff informed Mr. Rookard that, pursuant to his doctor's orders, he was physically unable to work more than eight hours per day because of his disability.

34.

In or around October 15, 2020, the Plaintiff met with his supervisor, Cassie Pruitt, request an accommodation because of disability.

35.

During their discussion, Plaintiff gave Ms. Pruitt with a letter from Dr. Ovedje detailing his functional limitations and requesting that Defendant accommodate his disability my limiting his working shifts to no more than eight hours per day.

36.

Upon information and belief, Ms. Pruitt informed Plaintiff of Defendant's mandatory consecutive 3-day, 12-hour shift scheduling.

37.

Ms. Pruitt did not address nor did she take any further action on Plaintiff's request for an accommodation of his disability.

38.

On or about November 20, 2020, Ms. Pruitt and Brandon White, supervisor, issued a disciplinary notice to Plaintiff for falling asleep during the 2nd day of a consecutive 12-hour work shift.

39.

Defendant failed to take any action to reasonable accommodate Plaintiff's disability.

40.

Defendant made no indication to the Plaintiff that accommodating his disability would present it with an undue hardship.

## COUNT I
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

41.

Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40.

42.

At all times during his employment with the Defendant, Plaintiff was able to perform the essential functions of his position.

43.

Plaintiff notified Defendant of his disability upon his hire to the position.

44.

Plaintiff requested an accommodation of his disability from his supervisor on or about October 15, 2020, during a conversation with his supervisor, Ms. Pruitt.

45.

Plaintiff, with reasonable accommodation, could perform the essential functions of the position.

46.

Defendant refused to make any accommodation for Plaintiff.

47.

Defendant terminated Plaintiff's employment because of his disability.

48.

As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for damages he sustained, back pay, front pay, lots benefits, reasonable attorney's fees, costs, and injunctive relief.

**WHEREFORE**, Plaintiff prays for trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest in back pay and benefits;

    c.    Front pay and benefits and/or lost earning capacity;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Cost and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

Respectfully submitted this 30th day of November 2021.

MORGAN & MORGAN, P.A.

*/s/ Anthony Dawkins*
Anthony Dawkins, J.D.
Georgia Bar No. 157904
Attorney for the Plaintiff

191 Peachtree St. NE, Suite 4200
P.O. Box 57007
Atlanta, GA  30343
Direct: (404) 965-1872
Fax: (404) 720-3839
adawkins@forthepeople.com